10-1024-cv
Crawley v. United States

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to summary orders filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the fifth day of April, two thousand and eleven.

PRESENT:

WILFRED FEINBERG,
JOHN M. WALKER, JR.,
JOSÉ A. CABRANES,
   *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

CHARLES CRAWLEY,

  *Petitioner-Appellant,*

  -v.-               No. 10-1024-cv

UNITED STATES OF AMERICA,

  *Respondent-Appellee.*[1]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR PETITIONER-APPELLANT:** Charles Crawley, *pro se*, Oakdale, LA.

**FOR RESPONDENT-APPELLEE:** Brian M. Feldman, Assistant United States Attorney (Preet Bharara, United States Attorney, *on the brief*; and Ross E. Morrison, Assistant United States Attorney, *of counsel*), United States Attorney's Office for the Southern District of New York, New York, NY.

---

[1] The Clerk of Court is directed to amend the official caption in this case to conform to the listing of the parties above.

Appeal from January 11, 2010 and February 2, 2010 orders of the United States District Court for the Southern District of New York (Loretta A. Preska, *Chief Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be **AFFIRMED**.

Petitioner-Appellant Charles Crawley, *pro se*, submitted an application to the District Court, which, liberally construed, sought an advisory opinion on whether his criminal prosecution in the United States District Court for the Southern District of Texas should be consolidated with a civil RICO action in the Southern District of New York brought by the United States against the International Brotherhood of Teamsters, La Cosa Nostra and several individuals affiliated with those organizations. The District Court dismissed the application for lack of jurisdiction because (1) Crawley lacks standing to intervene as a party in the New York action, and (2) the District Court lacks jurisdiction to enter an advisory opinion. Crawley appeals from that order and the District Court's subsequent denial of his motion for reconsideration. We assume the parties' familiarity with the underlying facts and the procedural history.

We review a district court's dismissal of a complaint for lack of subject matter jurisdiction *de novo*, *Bigio v. Coca-Cola Co.*, 239 F.3d 440, 447 (2d Cir. 2000), and the denial of a motion for reconsideration for abuse of discretion, *Harris v. Kuhlmann*, 346 F.3d 330, 357 (2d Cir. 2003). *See generally Sims v. Blot*, 534 F.3d 117, 132 (2d Cir. 2008) (explaining the "abuse of discretion" standard).

There may be no more unambiguous limitation on the power of the federal courts than that proscribing the entry of advisory opinions. Letter from Chief Justice John Jay and the Associate Justices to President George Washington (August 8, 1793), 3 Correspondence & Public Papers of John Jay 488-89 (Johnston ed. 1891). Because, under Article III of the Constitution, the judicial power of the federal courts is limited to "cases" or "controversies," *see, e.g., Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227 (1937), the exercise of federal jurisdiction under the Constitution "depends on the existence of a case or controversy, and a federal court lacks the power to render advisory opinions." *United States Nat'l Bank v. Independent Ins. Agents of Am., Inc.*, 508 U.S. 439, 446 (1993) (internal quotation marks and brackets omitted). Here, we agree with the District Court that Crawley's request fails to allege *any* injury, *Crawley v. United States*, 88 Civ. 4486, Doc. No. 4130, at *4 (S.D.N.Y. Jan. 11, 2010), much less one that is sufficiently "concrete" and "actual" to create a case or controversy, *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 103 (1998). Accordingly, Crawely's request "present[s] no justiciable controversy within the authority of the court," *Muskrat*

*v. United States*, 219 U.S. 346, 363 (1911), and the District Court did not err in dismissing the claim for want of jurisdiction nor abuse its discretion denying Crawley's motion for reconsideration.[2]

## **CONCLUSION**

We have considered each of Crawley's arguments on appeal and find them to be without merit. For the reasons stated above, the orders of the District Court dismissing Crawley's request for want of jurisdiction and denying his motion for reconsideration are **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[2] Because we hold that the District Court correctly determined it lacked jurisdiction to issue an advisory opinion under Article III, we need not consider whether Crawley also lacked standing under the Consent Decree approved by the District Court. *See generally United States v. International Brotherhood of Teamsters*, 931 F.2d 177, 179-82 (2d Cir. 1991) (recounting the procedural history of the United States's civil RICO case against the Teamsters and La Cosa Nostra and the scope of the settlement agreement between the parties).